UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                          Case No. 3:20-cr-65

vs.

CHRISTOPHER JAMES CURRY,           District Judge Michael J. Newman

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO AMEND BOND (DOC. NO. 47)**

Defendant is charged in a multi-count superseding indictment with being a felon in possession of a firearm (18 U.S.C. §§ 922(g)(1) and 924(a)(2)); possessing a firearm with a removed serial number (18 U.S.C. §§ 922(k) and 924(a)(1)(B)); and possessing a weapon not registered to him in the national registry and transfer record (26 U.S.C. §§ 5841, 5861(d) and 5871). Doc. No. 13. Magistrate Judge Ovington previously ordered him detained pre-trial. Doc. No. 9. Defendant, through counsel, now moves, under 18 U.S.C. § 3145(b), to amend that detention to an own recognizance ("O.R.") bond with conditions of treatment, monitoring, and substance testing. Doc. No. 65. The Government opposes the motion. The Court heard oral arguments from Defendant's counsel, Tamara Sack, and the Government, through AUSA Dwight Keller, on September 22, 2021. Laurie Cook, from Pretrial Services, then advised the Court that Pretrial's recommendation -- for detention -- remains unchanged.

Under Section 3145(b), "a person . . . ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for … amendment of the [detention] order." A court reviews a magistrate judge's detention order *de novo*, reviewing the "same options, under § 3142, as the magistrate judge." *United States v. Yamini*, 91 F. Supp. 2d

1125, 1129 (S.D. Ohio 2000) (citing *United States v. Maull*, 773 F.3d 1479, 1482 (8th Cir. 1985)). To justify detention, "the United States must prove either (1) by a preponderance of the evidence, that [the defendant] poses a risk of flight; or (2) by clear and convincing evidence, that he poses a risk to the safety of others and the community." *United States v. Spivak*, No. 1:21-cr-491, 2021 WL 3617519, at *4 (N.D. Ohio Aug. 16, 2021) (cleaned up) (first citing *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); and then citing *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010)).  Defendant may be detained pending trial "if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Stone*, 608 F.3d at 947 (quoting 18 U.S.C. § 3142(e)).  The Court must consider whether the factors set forth in Section 3142 have been proven by clear and convincing evidence.  18 U.S.C. § 3142(f); *Yianni*, 91 F. Supp. 2d at 1127.

After fully and carefully considering the issue, the Court agrees with the reasons more fully expressed by Pretrial Services in their report.  Doc. No. 11.  Namely, Defendant's history of absconding and failing to appear suggest he is a flight risk; his criminal history demonstrates his risk of danger to himself and/or the community.  *See Yamini*, 91 F. Supp. 2d at 1131.  Having considered the issue of detention *de novo*, the Court finds by clear and convincing evidence that no condition or combination of conditions set forth in Section 3142(c) will reasonably assure Defendant's appearance and community safety.  Accordingly, Defendant's motion is **DENIED,** and the order entered by the magistrate judge is **AFFIRMED**.  Defendant is to remain in detention pending trial.

    **IT IS SO ORDERED.**

September 24, 2021                                      s/Michael J. Newman
                                                                      Hon. Michael J. Newman

United States District Judge